UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCENT F., | ) |
| | ) CASE NO. C20-0726-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER RE: SOCIAL SECURITY |
| COMMISSIONER OF SOCIAL SECURITY, | ) DISABILITY APPEAL |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1962.[1] He has a high school diploma/GED and previously worked as a carpenter, maintenance carpenter, and salvage laborer. (AR 38, 77-

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

78.)

Plaintiff applied for SSI in August 2012. (AR 246-54.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 118-31, 133-42.)

In September 2013, ALJ Kimberly Boyce held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 31-90.) On January 15, 2014, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-25.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in June 2015 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded for further administrative proceedings. (AR 750-78.) The Appeals Council consolidated a subsequent application with the remanded application, and ordered the ALJ to hold another hearing, "take any further action needed to complete the administrative record," and issue a new decision. (AR 777.) The ALJ held another hearing in May 2018 (AR 651-90), and subsequently issued a decision finding Plaintiff disabled as of December 17, 2017, but not disabled before that date. (AR 627-38.) The Appeals Council denied review in March 2020 (AR 613-16), and Plaintiff now seeks judicial review.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

/ / /

# DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since March 1, 2010, the alleged onset date. (AR 629.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease of the cervical and lumbar spine; degenerative joint disease; depression; and substance abuse disorder, in remission. (AR 629.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 629-31.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: he cannot climb ladders, ropes, or scaffolds; or work at unprotected heights or in proximity to hazards such as heavy machinery with dangerous moving parts. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can occasionally reach overhead and can otherwise frequently reach with his left upper extremity. He can perform work in which concentrated exposure to vibration is not present. He can understand, remember, and carry out unskilled, routine and repetitive work that can be learned by demonstration, and in which tasks to be performed are predetermined by the employer. He can cope with occasional work setting change and

occasional interaction with supervisors. He can work in proximity to coworkers, but not in a team or cooperative effort.  He can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.  Within these parameters, the claimant can meet ordinary and reasonable employer expectations regarding attendance, production and workplace behavior, and can persist, focus, concentrate and maintain an adequate pace in two-hour increments. (AR 631.)

Because Plaintiff has no past relevant work (AR 636), the ALJ proceeded to step five, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found that before December 17, 2017, Plaintiff was capable of transitioning to other representative occupations, such as cafeteria attendant, hand packager, and electrical accessories assembler.  (AR 637.)  On December 17, 2017, Plaintiff became unable to perform any jobs that exist in significant numbers, and therefore became disabled on that date.  (AR 638.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) failing to properly develop the record, (2) assessing the medical opinion evidence, and (3) entering findings at step five. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Medical evidence

Plaintiff challenges the ALJ's assessment of opinions written by examining neuropsychologist Wayne Dees, Psy.D. (AR 368-73); examining psychologist James Czysz, Psy.D. (1257-64); and examining psychologist Margaret Dolan, Ph.D. (AR 1326-35). The ALJ summarized all of these opinions and explained that (1) Dr. Dees' opinion had limited probative value because he did not identify any particular functional limitations; (2) she discounted Dr. Czysz's opinion because it was inconsistent with other evidence in the record, namely the State agency opinions and Dr. Dolan's opinion; and (3) she discounted Dr. Dolan's opinion because she did not describe Plaintiff's functional limitations in vocationally relevant terms, but did identify domains in which Plaintiff had moderate limitations, which were accounted for in the RFC assessment. (AR 634-35.) Plaintiff raises various challenges to the ALJ's assessment of these opinions, each of which the Court will consider in turn.

Legal standards[2]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830

---

[2] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions.

(9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

<u>Dr. Dees</u>

Plaintiff suggests that the ALJ erred in failing to discuss Dr. Dees' Global Assessment of Functioning (GAF) score of 45, because such a low score indicates severe symptoms. Dkt. 21 at 11-12. This argument does not show error in the ALJ's stated reasoning, however: the ALJ found that Dr. Dees did not identify any particular functional limitations, and neither does a GAF score. Thus, Plaintiff has failed to identify any error in the ALJ's assessment of Dr. Dees' opinion.

<u>Dr. Czysz</u>

Plaintiff contends that the ALJ failed to account for Dr. Czysz's opinion in the RFC assessment or VE hypothetical. Dkt. 21 at 12. This argument does not suggest that the ALJ erred, however, because the ALJ discounted Dr. Czysz's opinion because she found it inconsistent with opinion evidence in the record. (AR 634.) Plaintiff goes on to argue that the ALJ erred in rejecting Dr. Czysz's opinion "for reasons not supported in the record and is non specific." Dkt. 21 at 12. Plaintiff's contention is conclusory and fails to explain why the ALJ's finding that Dr. Czysz's opinion is inconsistent with the record is not sufficient. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

//

Dr. Dolan

Plaintiff argues that the ALJ erred in finding that Dr. Dolan's opinion was not expressed in vocationally relevant terms, because "Dr. Dolan clearly expresses that [Plaintiff] is incapable of employment and she clearly explains why." Dkt. 21 at 13. Dr. Dolan indeed opines that Plaintiff would be "unlikely" to find and keep a job at the time of her examination, but she does not describe Plaintiff's functional limitations in vocationally relevant terms. (AR 1333-35.) Instead, she documents Plaintiff's history and current activities, and indicates that he has problems in certain areas, but does not identify particular functional limitations that exist in those areas. (*Id*.) Plaintiff has not shown that the ALJ erred in finding Dr. Dolan's opinion vague in its identification of limitations, or in discounting it on this basis. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.").

Because Plaintiff has failed to show that the ALJ erred in assessing the disputed medical opinions, the Court affirms this portion of the ALJ's decision.

Step five

Plaintiff raises several challenges to the ALJ's step-five findings. First, Plaintiff argues that the ALJ failed to resolve the conflict between (1) the RFC limitations to occasional overhead reaching and frequent reaching with the left arm in other directions and (2) the VE's testimony that Plaintiff could perform jobs that are defined in the Dictionary of Occupational Titles (DOT) to require frequent reaching. Plaintiff also notes that the ALJ

failed to ask the VE whether his testimony was consistent with the DOT, and argues that the VE did not adequately explain the foundation for his testimony that Plaintiff could perform the step-five jobs despite his reaching limitations. Lastly, Plaintiff argues that the ALJ erred in relying on the VE's job numbers testimony because the VE admitted that the numbers he cited were not linked to individual jobs, but groups of jobs, and thus the ALJ failed to meet her burden to show that the jobs identified at step five exist in significant numbers.

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2). The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995). Pursuant to Social Security Ruling 00-4p, an ALJ has an affirmative responsibility to inquire as to whether a VE's testimony is consistent with the DOT and, if there is a conflict, determine whether the VE's explanation for such a conflict is reasonable. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

Reaching

As noted above, the ALJ limited Plaintiff to occasional overhead reaching and frequent reaching in other directions with his left arm. (AR 631.) The VE testified that a person with those limitations and the other limitations listed in the ALJ's RFC assessment could nonetheless perform the step-five jobs, which require frequent reaching per the DOT. (AR 679-80.) The ALJ asked the VE to explain the basis for his testimony on that issue, given that the DOT does not distinguish between reaching in different directions, and the VE answered that his testimony was based on his experience observing those or similar jobs. (AR

680-81.) Upon counsel's cross-examination, the VE admitted he did not know when he had last observed those jobs, but guessed that it might have been at least two years earlier. (AR 681.)

Plaintiff has not shown that the VE's testimony does not constitute substantial evidence upon which the ALJ could rely. The VE explained that his testimony was based on his prior observation of the jobs at issue, and even if that observation occurred two years earlier, Plaintiff has not shown that the passage of time rendered the VE's testimony unreliable. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony."). Plaintiff has not shown any harmful error in the ALJ's failure to explicitly ask the VE whether his testimony was consistent with the DOT, because Plaintiff has not identified any unexplained conflict between the VE's testimony and the DOT. *See Massachi*, 486 F.3d at 1153-54 n. 19.

Job numbers

As noted above, the VE admitted that the job numbers he provided did not pertain to the individual jobs identified at step five, but to broader groups of jobs consistent with the exertional and skill levels identified in the ALJ's RFC assessment. (AR 684-89.) Plaintiff argues that in light of this testimony, the ALJ failed to satisfy her burden to show that the specific jobs identified at step five exist in significant numbers.

The Commissioner argues that the DOT defines "occupations," rather than specific jobs, and thus the VE's testimony adequately identifies job numbers pertaining to occupations as classified in the DOT, rather than jobs. Dkt. 22 at 16. This argument is not persuasive because the VE explicitly admitted that his job numbers do not pertain to a particular DOT

entry, but to broader categories spanning an unidentified number of DOT entries. (AR 685-87.) Thus, the VE's testimony does not support the ALJ's finding that the step-five jobs exist in significant numbers (AR 637), because the VE himself admitted that the job numbers he was providing did not pertain to those particular jobs. The ALJ's finding that three specific jobs exist in significant numbers is not supported by substantial evidence, and the Commissioner's step-five burden is not satisfied.

On remand, the ALJ shall reconsider the step-five findings and obtain additional VE testimony if necessary. The ALJ shall also permit the further development of the record to the extent that any relevant medical records remain outstanding.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this <u>23rd</u> day of March, 2021.

_____
Mary Alice Theiler
United States Magistrate Judge